IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MESA UNDERWRITERS SPECIALTY
INSURANCE COMPANY                                          PLAINTIFF

v.                                          CAUSE NO. 1:13CV396-LG-JCG

DAFFY'S ON THE RIVER, INC.;
NICHOLAS BURGE; and
WINSTON GENE JONES                                          DEFENDANTS

## MEMORANDUM OPINION GRANTING
## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**BEFORE THE COURT** is the Motion for Summary Judgment [33] filed by

the plaintiff, Mesa Underwriters Specialty Insurance Company, in this declaratory

judgment action concerning insurance coverage.  The defendant, Nicholas A. Burge,

has filed a response in opposition to the Motion, and Mesa has submitted a reply.[1]

After reviewing the submissions of the parties and the applicable law, the Court

finds the Motion for Summary Judgment should be granted.

## FACTS

On April 16, 2013, a vehicle driven by Winston Gene Jones struck a

pedestrian, Nicholas Burge, on Lorraine Road in Biloxi, Mississippi.  It is

undisputed that, prior to the accident, Jones consumed alcoholic beverages at a bar

called Daffy's On the River.  After the accident, Jones was arrested for driving

under the influence of alcohol and for leaving the scene of an accident.  The

---

[1] On September 15, 2014, this Court granted Mesa permission to file its reply
out of time.  Mesa did not file its reply after receipt of this Court's Order, but the
reply is attached to its Motion for Leave to File Reply [40] as Exhibit A.

Mississippi Crime Laboratory determined that Jones's blood-alcohol content was 0.24%.  (Pl.'s Mot., Ex. F, ECF No. 33-6).  On July 25, 2013, Jones pled guilty to driving under the influence.  (Pl.'s Mot., Ex. G, ECF No. 33-7).

Candace Thompson, a Daffy's bartender, testified that Jones entered and exited the bar approximately four to five times on the night of the accident.  (Def.'s Resp., Ex. A at 14, ECF No. 37-1).  She served Jones at least two beers and other unspecified alcoholic beverages, but her attorney would not permit her to testify as to the specific beverages served or the number of beverages served to Jones on the night of the accident.  (*Id.* at 17-19).

On May 20, 2013, counsel for Burge sent a notice of claim letter to Daffy's, alleging that Jones "consumed and was over-served several alcoholic beverages while he was a patron" at Daffy's.  (Pl.'s Mot., Ex . A, ECF No. 33-1).  Daffy's submitted the notice of claim letter to Mesa, which had issued Daffy's a commercial general liability policy for the period December 19, 2012, through December 19, 2013.  (Pl.'s Mot., Ex. B, ECF No. 33-2).  The policy excludes coverage for:

> c.  Liquor Liability
> "Bodily injury" or "property damage" for which any insured may be held liable by reason of
> (1) Causing or contributing to the intoxication of any person;
> (2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or
> (3) Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.
> This exclusion applied only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages.

(*Id.* at 4).

Mesa filed this lawsuit and the present Motion for Summary Judgment seeking a declaration that it does not have a duty to defend or indemnify Daffy's for the claim asserted by Burge.

## DISCUSSION

## I.  RIPENESS

In his response to the Motion for Summary Judgment, Burge argues that Mesa's declaratory judgment action is premature, but he does not provide any supporting authority or analysis for this assertion.  The Court interprets Burge's argument as invoking the doctrine of ripeness.

"A federal court may not issue a declaratory judgment unless there exists an actual case or controversy."  *Columbia Cas. Co. v. Ga. & Fla. RailNet, Inc.*, 542 F.3d 106, 110 (5th Cir. 2008).  "As a general rule, an actual controversy exists where 'a substantial controversy of sufficient immediacy and reality [exists] between parties having adverse legal interests.'" *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000).  A specific, concrete threat of litigation can be sufficient to establish a controversy sufficient to sustain a declaratory judgment action.  *Id.* at 897.  The Fifth Circuit has explained:

> A court should dismiss a case for lack of "ripeness" when the case is abstract or hypothetical.  The key considerations are "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration."  A case is generally ripe is any remaining questions are purely legal ones; conversely, a case is not ripe if further factual development is required.

*Orix*, 212 F.3d at 896.

Burge claims that this declaratory judgment action is premature, because no complaint has been filed against Daffy's as a result of the accident. He seems to imply that he may file other causes of action against Daffy's, aside from his claim that Daffy's served Jones too many beverages, but he has not specified any other possible claims that may be filed against Daffy's. Burge also asserts that the Daffy's bartender's testimony does not tend to show that Daffy's caused or contributed to Jones's intoxication, and thus, a genuine issue of material fact exists regarding whether Daffy's caused or contributed to Jones' intoxication.

The Court finds that further factual development is not required in the present lawsuit. Burge claims that Daffy's served too many alcoholic beverages to Jones prior to the accident. The policy issued to Daffy's excludes coverage for "liability by reason of causing *or* contributing to the intoxication of any person." (Pl.'s Mot., Ex. B at 4, ECF No. 33-2) (emphasis added). A determination as to the number of drinks actually served to Jones is not necessary to determine whether Mesa has a duty to defend or indemnify Daffy's, nor is a determination whether Daffy's is actually liable for serving drinks to Jones.

One of the purposes of the Declaratory Judgment Act is "to afford one threatened with liability an early adjudication without waiting until his adversary should see fit to begin an action after the damage has accrued." *Rowan Cos., Inc. v. Griffin*, 876 F.2d 26, 28 (5th Cir. 1989). Thus, Mesa should be given the opportunity to obtain a resolution of this controversy before it ripens into a breach of contractual duty. *See id.* Furthermore, the controversy presented to this Court is

-4-

not abstract or hypothetical, since all of the acts necessary for the resolution of the claim presented to Mesa occurred before Mesa filed its Complaint.  *See id.*; *see also QBE Ins. v. McFarland*, No. 3:10cv338-DPJ-FKB, 2011 WL 3625308 at *2 (S.D. Miss. Aug. 17, 2011) (holding that a declaratory judgment action was ripe where a notice of claim had been presented to an insurer but no complaint for liability had been filed).  As a result, the Court finds that Mesa's declaratory judgment action is ripe.  The Court must next determine whether Mesa is entitled to summary judgment that Burge's claim is excluded from coverage by the liquor liability exclusion.

## II. MESA'S MOTION FOR SUMMARY JUDGMENT

A motion for summary judgment may be filed by any party asserting that there is no genuine issue of material fact and that the movant is entitled to prevail as a matter of law on any claim.  Fed. R. Civ. P. 56.  The movant bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted.  *Id.* at 324-25.  The non-movant may not rest upon mere allegations or denials in its pleadings but must set forth specific facts showing the existence of a genuine issue for trial.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986).

Mesa seeks a declaratory judgment that it does not have a duty to defend or

indemnify Daffy's for the claim asserted by Burge.  "[T]he duty to defend is broader than the insurer's duty to indemnify under its policy of insurance: the insurer has a duty to defend when there is any basis for potential liability under the policy." *Titan Indem. Co. v. Pope*, 876 So. 2d 1096, 1101 (¶14) (Miss. Ct. App. 2004).  Burge has alleged that Daffy's served too many alcoholic beverages to Jones on the night of the accident at issue.  The Mesa policy excludes coverage for:

> c.  Liquor Liability
> "Bodily injury" or "property damage" for which any insured may be held liable by reason of
> (1) Causing or contributing to the intoxication of any person;
> (2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or
> (3) Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.
> This exclusion applied only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages.

Burge argues that the liquor liability exclusion is ambiguous as to the meaning of the terms "intoxication" and "under the influence."  The Court disagrees.  These terms are clear and unambiguous, particularly when applied to the facts of this case.  Regardless of whether Daffy's will ultimately be held liable for serving Jones too many drinks, this claim clearly falls under the exclusion for liability by reason of contributing to the intoxication of any person.  As a result, Mesa does not have a duty to defend or indemnify Daffy's for this claim.

## CONCLUSION

For the foregoing reasons, the Court finds that Mesa does not have a duty to defend or indemnify Daffy's for the claim asserted by Burge.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion for Summary Judgment [33] filed by the plaintiff, Mesa Underwriters Specialty Insurance Company, is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Mesa is entitled to a declaratory judgment that it does not have a duty to defend or indemnify Daffy's On The River as to Nicholas Burge's claim that Daffy's served too many drinks to Winston Jones prior to the accident that occurred on April 16, 2013.

**SO ORDERED AND ADJUDGED** this the 8th day of October, 2014.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE